**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **SHUNTA DAUGHERTY,** | * | |
| **individually, and as the** | * | |
| **administrator of the estate of** | * | |
| **MICHAEL DASHAWN MOORE,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| v. | * | CV-17-00072-C |
| | * | |
| **HAROLD HURST,** | * | |
| **in his individual capacity,** | * | |
| | * | |
| **Defendant.** | * | |

## ANSWER

Defendant Harold Hurst answers the Complaint as follows:

## INTRODUCTION

1. Denied

## PARTIES

2. Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

3. Defendant admits that, at all times relevant to this Complaint, he was a United States citizen, an Alabama resident, and a sworn law-enforcement officer with the City of Mobile. Defendant denies the remaining material allegations of this paragraph.

## JURISDICTION AND VENUE

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

## **FACTS COMMON TO ALL COUNTS**

8. Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

9. Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

16. Denied.

17. Admitted that Officer Hurst directed the decedent to exit the vehicle by getting out of the front driver's seat, but denied that the decedent complied with any of Officer Hurst's other commands.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Admitted.

24. Admitted.

25. Admitted.

26. Admitted.

27. Denied.

28. Denied.

29. Denied.

30. Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

31. Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

32. Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

33. Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

34. Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

### AS TO COUNT ONE (FEDERAL CLAIM)
### 42 U.S.C. §1983 – FOURTH AMENDMENT VIOLATION

35. Defendant adopts his prior responses.

36. Denied.

37. Denied.

38. Denied.

### AS TO COUNT TWO (STATE CLAIM)
### ALA. CODE §6-5-410 – WRONGFUL DEATH

39. Defendant adopts his prior responses.

40. Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

## AS TO COUNT THREE (STATE CLAIM)
## NEGLIGENCE
*(Against Hurst in his individual capacity)*

46. Defendant adopts his prior responses.

47. Denied.

## AS TO PRAYER FOR RELIEF

1. Denied.

2. Denied.

3. Denied.

4. Denied.

5. Denied.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against this Defendant upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

At all times material to the allegations of the Complaint, this Defendant acted with justification, and all his actions were justified.

### THIRD AFFIRMATIVE DEFENSE

At all times material to the allegations of the Complaint, this Defendant acted reasonably and in good faith.

### FOURTH AFFIRMATIVE DEFENSE

At all times material to the allegations of the Complaint, this Defendant used only such force as was reasonably necessary under the circumstances.

### FIFTH AFFIRMATIVE DEFENSE

Defendant asserts the right to use force in self-defense or in defense of others.

### SIXTH AFFIRMATIVE DEFENSE

Defendant asserts the right of a peace officer to use deadly physical force to the extent he reasonably believes it necessary in order to defend himself or a third person from what he reasonably believes to be the use or imminent use of deadly physical force and/or force that could cause serious bodily injury.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant asserts the right to stand his ground in accordance with applicable law.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant asserts the protections and benefits of Alabama Code §13A-3-22 (1975).

### NINTH AFFIRMATIVE DEFENSE

Defendant asserts the protections and benefits of Alabama Code §13A-3-23 (1975).

### TENTH AFFIRMATIVE DEFENSE

Defendant asserts the protections and benefits of Alabama Code §13-3-24 (1975).

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendant asserts the protections and benefits of Alabama Code §13-3-27 (1975).

**TWELFTH AFFIRMATIVE DEFENSE**

Defendant asserts the defense of provocation.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Defendant asserts that any force used was reasonable and necessary under the circumstances.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Defendant asserts that Plaintiff's decedent's own actions caused or contributed to his injuries and/or death; therefore, Plaintiff cannot recover against this Defendant.

**FIFTEEN AFFIRMATIVE DEFENSE**

Defendant asserts the defense of contributory negligence.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Defendant asserts the defense of assumption of the risk.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Defendant asserts the defense of qualified immunity.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Defendant asserts the defense of state-agent immunity.

**NINETEENTH AFFIRMATIVE DEFENSE**

Defendant asserts the defense of discretionary-function immunity.

**TWENTIETH AFFIRMATIVE DEFENSE**

Defendant asserts the defense of law-enforcement immunity pursuant to Alabama Code §6-5-338.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Defendant asserts the defense of substantive immunity.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Defendant asserts the defense of sovereign immunity.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Defendant asserts the defense of self-defense.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Defendant asserts the defense of sudden emergency.

**TWENTY-FIVE AFFIRMATIVE DEFENSE**

Defendant asserts the doctrine of intervening or superseding cause to the extent that acts of individuals known and unknown or conditions known or unknown may constitute acts or conditions of an independent character which this Defendant had no duty or ability to control, thereby constituting an independent cause resulting in injury or death to Plaintiff's decedent.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

This Defendant asserts that the sole proximate cause of Plaintiff's decedent's death are events, conditions, physiology and reactions which could not have been reasonably anticipated in the exercise of reasonable care applicable to this Defendant, and as such, this Defendant can have no liability whatsoever for the claims asserted in the Complaint.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

Defendant claims the protection of all applicable statutory caps on damages.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

Defendant claims the benefit of all statutes and the common law conferring immunity or protection to governmental entities or their employees.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing, authority, and/or the requisite legal capacity or legal existence to maintain the present lawsuit and each and every claim and/or cause of action asserted herein.

## THIRTIETH AFFIRMATIVE DEFENSE

Any award of punitive damage in this case would be unconstitutional in that it would violate both state and federal constitutional provisions.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

The imposition of punitive damages, without sufficient guidelines as to the proper circumstances for such an award or for the amount of such an award, would violate the due process guarantees of the federal and state constitutions.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claim for punitive damages violates the Fifth and Fourteenth Amendments of the United States Constitution on the following grounds:

(a) It is a violation of the due process and equal protection clauses of the Fourteenth Amendment to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b) The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing which infringes the due process and equal protection clauses;

(c) The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award which thereby violates the due process clause;

(d) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of an award of punitive damages which thereby violates the due process clause;

(e) The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and therefore violate the equal protections clause;

(f) The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine or penalty for the same or similar conduct which thereby infringes the due process clause and the equal protection clause;

(g) The procedures pursuant to which punitive damages are awarded are unconstitutionally vague; and,

(h) The award of punitive damages in this action would constitute a deprivation of property without due process of law as required by the Fifth and Fourteenth Amendments to the United States Constitution.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs claim for punitive damages violates the due process provisions of the Constitution of Alabama on the following grounds:

(a) It is a violation of the due process clause to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b) The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award;

(c) The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(d) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of such an award;

(e) The award of punitive damages in this case would constitute a deprivation of property without due process of law;

(f) The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing;

(g) The procedures pursuant to which punitive damages are awarded may result in the imposition of different penalties for the same or similar acts; and

(h) The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine or penalty for the same or similar conduct.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Defendant asserts that his actions at all times were based on probable cause or arguable probable cause.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

Defendant asserts the defense of privilege.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

Defendant asserts that Officer Hurst owed no duty in his individual capacity.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Defendant asserts that Plaintiff's claims are due to be dismissed based on failure to comply with the applicable statute of non-claims.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Defendant asserts that Plaintiff's claims are barred based on the applicable statutes of limitation.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

Defendant asserts the protections and benefits of Alabama Code §§11-47-190 and 11-93-2 (1975)

### FORTIETH AFFIRMATIVE DEFENSE

Defendant asserts the defense of unclean hands.

### FORTY-FIRST AFFIRMATIVE DEFENSE

Defendant asserts that Plaintiff's claims are barred because a party cannot benefit from its own unlawful activity.

## FORTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, estoppel, res judicata, collateral estoppel, judicial estoppel, ratification, consent, and acquiescence.

## FORTY-THIRD AFFIRMATIVE DEFENSE

Defendant pleads all other affirmative defenses in bar or abatement of the claims asserted against him in the Complaint.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

Defendant reserves the right to plead additional affirmative defenses as may be ascertained through the course of discovery in this case.

> */s/Thomas O. Gaillard III* _____
> THOMAS O. GAILLARD III (gailt9459)
> Attorney for Defendant
> Harold Hurst

**OF COUNSEL:**

HELMSING, LEACH, HERLONG,
   NEWMAN & ROUSE, P.C.
Post Office Box 2767
Mobile, AL  36652
(251) 432-5521 Telephone
(251) 432-0633 Facsimile
tog@helmsinglaw.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 7th day of April 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

| | |
|---|---|
| Eric Tavaris Hutchins | Mario Williams |
| Law office of Eric Tavaris Hutchins, LLC | Nexus Caridades Attorneys, Inc. |
| 116 Madison St. | 44 Broad Street, NW, Suite 200 |
| Alexander City, AL  35010 | Atlanta, GA  30303 |
| zayikk@gmail.com | mwilliams@nexuscaridades.com |
| Julie J. Oinonen | |
| Williams Oinonen LLC | |
| 44 Broad Street, NW, Suite 200 | |
| Atlanta, GA  30303 | |
| Julie@goodgeorgialawyer.com | |

                                                */s/Thomas O. Gaillard III*
                                                THOMAS O. GAILLARD, III