## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA


SHUNTA DAUGHERTY,     )
      Plaintiff,   )
            )
vs.           )  Civ. Action No. 1:17-cv00072-CG-C
            )
HAROLD HURST,      )
      Defendant.  )


### THE STATE OF ALABAMA'S OBJECTION TO SUBPOENA FOR THE DISTRICT ATTORNEY'S RECORDS AND MOTION TO QUASH SAID SUBPOENA


   Comes now the State of Alabama, by and through the District Attorney for the Thirteenth Judicial Circuit of Alabama, and files this objection and motion to quash the above subpoena.  As grounds therefor the State of Alabama would show the following:

(1) The subpoena seeks the discovery of investigative records in the custody of the District Attorney for the Thirteenth Judicial Circuit of Alabama (Mobile County), a non-party.  These records were compiled during the investigation into the officer involved shooting death of Michael Moore.  The Mobile County Grand Jury reviewed the results of the investigation into Michael Moore's death and did not return an indictment for any offense against Officer Harold Hurst.

(2) Investigative records in the custody of the District Attorney and Alabama law enforcement authorities are privileged from discovery under Section 12-21-3.1 (a), (b), and (c) Code of Alabama (1975).

(3) The party seeking the records has the burden of overcoming the privilege by ". . . proof of substantial evidence, that the moving party will suffer undue hardship and that [the requested discovery is] unavailable from other reasonable sources.  Section 12-21-3.1(c) Code of Alabama (1975).

(4) A party seeking records must meet a burden similar to the one imposed under Ala. R. Civ. P. 26 for material developed in anticipation of litigation which is "substantial need" and "undue hardship."  *See Ex parte Alabama Department of Mental Health and Mental Retardation*, 840 So.2d 863, 868-69 (Ala. 2002)(A showing of undue hardship requires more than a mere conclusory statement by the party seeking the information that he or she could not obtain the equivalent of the information in the reports sought by discovery without undue hardship.).

(5) The Plaintiff has made no such showing.

(6) The request is overly broad, vague, and seeks materials unlimited in scope with respect to time frame and issue.  Additionally, the Plaintiff has made no showing that the materials sought are relevant.

(7) Grand jury proceedings in Alabama are secret.  *See Steward v. State*, 55 Ala. App. 238, 240, 314 So.2d 313, 315 (Ala. Crim. App. 1975)(The long time rule, sanctioned by our courts, is that the proceedings before a grand jury are essentially secret.).  The laws of the State of Alabama prohibit the District Attorney, or any person, from disclosing the evidence presented for consideration by the grand jury.  Sections 12-16-214, 12-16-215, 12-16-216, & 12-16-225 Code of Alabama (1975).

WHEREFORE, the premises considered, the State of Alabama objects to the subpoena for discovery of the District Attorney's investigative file and seeks an order quashing it.

Respectfully submitted by,

/s/Chris McDonough
Assistant District Attorney
Mobile County District Attorney's Office
Thirteenth  Judicial Circuit

CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing via the court's electronic filing system and by U.S. Mail postage prepaid on this the 29th day of June, 2017, and addressed as follows:

Mario Williams
44 Braod St. NW
Ste 200
Atlanta, GA 30303

/s/Chris McDonough
Assistant District Attorney
Mobile County District Attorney's Office
Thirteenth  Judicial Circuit