IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

|  |  |
|---|---|
| SHUNTA DAUGHERTY, Individually, and as the Administrator of the Estate of MICHAEL DASHAWN MOORE, | * * * * |
| Plaintiff, | * * |
| v. | * * CASE NO. 1:17-cv-0072-CG-C |
| HAROLD HURST, in his Individual Capacity, CITY OF MOBILE, and UNIVERSITY OF SOUTH ALABAMA MEDICAL CENTER, | * * * * * |
| Defendants. | * * |

**DEFENDANT UNIVERSITY OF SOUTH ALABAMA MEDICAL CENTER'S
MEMORANDUM BRIEF IN SUPPORT OF MOTION TO DISMISS**

COMES NOW Defendant University of South Alabama Medical Center (hereinafter "USAMC"), and in response to Plaintiff Shunta Daugherty's ("Daugherty") Amended Complaint, moves to dismiss Plaintiff's claim against USAMC on the grounds of sovereign immunity, subject matter jurisdiction and deficient pleading. In support, USAMC respectfully shows unto the Court the following:

**I.   INTRODUCTION**

Daugherty's Amended Complaint (doc. 74) is due to be dismissed pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.[1] USAMC is immune

---

[1] USAMC expressly preserves, asserts and refuses to waive the right to prove each and every affirmative defense available to it by law. For the sake of judicial economy, each and every one

from suit, depriving the Court of subject matter jurisdiction, and Plaintiff's claims against USAMC are deficiently pled.

## II. NARRATIVE FACTS IN THE AMENDED COMPLAINT

Daugherty alleges USAMC received Michael Dashawn Moore ("Moore"), deceased, on June 13, 2016, for treatment after Mobile Police Department officer Harold Hurst ("Hurst") shot Moore. (Doc. 74, ¶¶ 2, 9, 64). Hurst had "pulled the Decedent over for a routine traffic stop," at which time Moore was "wearing elastic-waist-band basketball shorts and a T-shirt..." (Doc. 74, p. 4 ¶ 2). After Moore exited his vehicle, "Hurst shot the Decedent, and then when the Decedent fell to the ground, Hurst shot him again." (Doc. 74, p. 5 ¶ 2). Moore was taken by paramedics to USAMC. (Doc. 74, p. 5 ¶ 2, p. 22 ¶ 65). USAMC, therefore, had custody of Moore's "effects, including his shorts, underwear, and shirt..." (Doc. 74, p. 22 ¶ 65).

Moore was "declared dead by doctors at USA Medical, [and Moore's] clothing was retained and logged into the security office of USA Medical on June 13, 2018 [sic][2]." (Doc. 74, p. 22 ¶ 66). Nine days later, counsel for Daugherty sent USA a "letter advis[ing] USA Medical of the need to preserve all evidence related to the shooting." (Doc. 74, P. 23 ¶ 67). At some unknown time afterward, Mobile Police Department ("MPD") officers recovered Moore's effects from USAMC. (Doc. 74, p. 23 ¶ 68). The MPD's inventory did not include Moore's clothing. (Doc. 74, p. 23 ¶ 68).

Roughly two years later, on April 12, 2018, Daugherty's counsel sought Moore's clothing from the MPD and learned that neither the MPD nor USAMC had them in their

---

of USAMC's defenses is not addressed or argued herein, in favor of focusing on the most clearly dispositive matters.

[2] Since the shooting and subsequent medical treatment occurred on or about June 13, 2016, this allegation was presumably intended to claim the clothing was secured by USAMC on June 13, 2016, not 2018.

"possession, custody, or control." (Doc. 74, p. 23 ¶ 69). The Amended Complaint fails to allege Moore's clothing was lost or destroyed after the reservation letter was received by USAMC. It does allege, without explanation, that the clothing "is vital to a complete prosecution" of Daugherty's suit for damages under § 1983 and Alabama's wrongful death statute. (Doc. 74, p. 23 ¶ 69).

### III. STANDARD OF REVIEW

A complaint is due to be dismissed under Fed. R. Civ. P. 12(b)(6) if it lacks "sufficient factual matter… to state a claim to relief that is plausible on its face." Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "[R]ecitals of the elements of a cause of action" without sufficient factual allegations describing the grounds for the claim "do not suffice." Boyd v. Warden, Holman Corr. Facility, 856 F.3d 853, 864 (11th Cir. 2017) (citations omitted). In its evaluation, the Court accepts "the facts alleged in the complaint as true, drawing all reasonable inferences in the plaintiff's favor…." Keating v. City of Miami, 598 F.3d 753, 762 (11th Cir. 2010); Iqbal, 556 U.S. at 678. Legal conclusions without adequate factual support, however, are not entitled to an assumption of truth. Iqbal, 556 U.S. at 678.

A plaintiff can "plead himself out of court" by alleging facts that show he isn't entitled to recover. Early Bankers Life & Cas. Co., 959 F.2d 75, 79 (7th Cir. 1992); Villarreal v. R.J. Reynolds Tobacco Co., 839 F.3d 958, 971 (11th Cir. 2016). For instance, when a plaintiff's affirmative allegations make it "facially apparent that [a] claim is time-barred," that claim is subject to Rule 12(b)(6) dismissal on statute of limitations grounds. Warren v. Ala. Dep't of Mental Health, 2017 WL 1282244, at *2 (N.D. Ala. Apr. 6, 2017) (quoting Baker v. Sanford, 484 Fed. Appx. 291, 292 (11th Cir. 2012)).

Similarly, "a motion to dismiss under Rule 12(b)(6) is a proper vehicle to defeat a complaint that, on its face, cannot overcome an immunity defense." <u>Weissman v. Nat'l Ass'n of Sec. Dealers, Inc.</u>, 500 F.3d 1293, 1309 (11th Cir. 2007) (J. Tjoflat, dissenting). "[A] plaintiff must provide some factual allegation in his complaint that will serve to ward off a potential immunity defense; if he does not, the immunity is apparent from the face of the complaint and dismissal is appropriate under Rule 12(b)(6)." <u>Id</u>.

Due to Plaintiff's failure to plead facts which could overcome USAMC's immunity from suit, Plaintiff's Amended Complaint is also due to be dismissed pursuant to Rule 12(b)(1) for failure to plead a basis for subject matter jurisdiction.

> [T]he standard on motions to dismiss for lack of subject matter jurisdiction[, or a]ttacks on subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1)[,] come in two forms. <u>'Facial attacks'</u> on the complaint require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion. <u>'</u>Factual attacks,' on the other hand, challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered. These two forms of attack differ substantially. <u>On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion-the court must consider the allegations of the complaint to be true.</u>

<u>Lawson v. State Farm Fire & Cas. Co.</u>, 2015 WL 2345575, at *2-3 (S.D. Ala. May 15, 2015) (internal quotation marks and citations omitted) (emphasis added). USAMC asserts a facial challenge to subject matter jurisdiction because Daugherty has failed to allege facts entitling her to recover from USAMC. <u>Id</u>., at *3.

Under such circumstances, amending would be futile for failure to state a claim and is therefore disallowed. See <u>United Food & Commercial Workers Unions, Employers Health & Welfare Fund v. Philip Morris, Inc.</u>, 223 F.3d 1271, 1274 (11th Cir. 2000).

## IV. LAW AND ARGUMENT

### A. USAMC is immune from suit.

All "suits against a state and its agencies by that state's own citizens" are barred by federal and state law. U.S. Const. Amend XI; Ala. Const. Article I, § 14; <u>Edelman v. Jordan</u>, 415 U.S. 651, 662-63 (1974); <u>Ex parte University of South Alabama</u>, 183 So. 3d 915, 919 (Ala. 2015). The constitutionally-created "wall of immunity...is nearly impregnable. This immunity may not be waived." <u>Patterson v. Gladwin Corp.</u>, 835 So. 2d 137, 142 (Ala. 2002); <u>Alabama State Docks Terminal Ry. v. Lyles</u>, 797 So. 2d 432, 435 (Ala. 2001).

Sovereign immunity is extended to state agencies, and "the Alabama Supreme Court and the Eleventh Circuit have consistently held that state universities in Alabama are considered an agency or instrumentality of the state." <u>Golloway v. Bd. of Trustees of Auburn Univ.</u>, 2017 WL 3045866, at *3 (M.D. Ala. Mar. 21, 2017), report and recommendation adopted in part, rejected in part, 2017 WL 4011020 (M.D. Ala. Sept. 12, 2017); <u>Taylor v. Troy State University</u>, 437 So. 2d 472, 474 (Ala. 1983); <u>Ellison v. Abbott</u>, 337 So. 2d 756, 757 (Ala. 1976).

The operation of a hospital by a state university falls within the realm of sovereign immunity. <u>Sarradett v. University of South Alabama Medical Center</u>, 484 So. 2d 426 (Ala. 1986); <u>Hutchinson v. Board of Trustees of University of Alabama</u>, 288 Ala. 20, 24, 256 So. 2d 281, 284 (1971). The Supreme Court of Alabama recognizes the University of South Alabama as a state university, and has afforded USAMC sovereign immunity because it is "a subdivision of a state university." <u>Sarradett</u>, 484 So. 2d at 427.

An action against the State within the meaning of § 14 "presents a question of subject-matter jurisdiction, which cannot be waived or conferred by consent." <u>Patterson</u>, 835 So.2d at 142-43. The "constitutionally guaranteed principle of sovereign immunity [is therefore] a jurisdictional

5

bar" to suit and "preclud[es] a court from exercising subject-matter jurisdiction." Lyles, 797 So. 2d at 435; Lyons v. River Rd. Const., Inc., 858 So. 2d 257, 261 (Ala. 2003). "Without jurisdiction, a court has no power to act and must dismiss the action." Lyles, 797 So. 2d at 435.

A trial or appellate court should dismiss a suit when it becomes convinced that it is a suit against the State. Larkins v. Department of Mental Health & Mental Retardation, 806 So. 2d 358, 364 (Ala. 2001) (quoting Lyles, 797 So. 2d at 435). Jurisdiction, and thereby immunity, is a threshold issue; therefore, an affirmative defense based on immunity "should be resolved at the earliest possible stage of a litigation." Holmes v. Hale, 701 F. App'x 751, 756 (11th Cir. 2017) (quoting Anderson v. Creighton, 483 U.S. 635, 646 n.6 (1987)).

Sarradett v. USAMC, supra, is dispositive of the instant suit. USAMC is a State university. Its medical center is an extension of the University and afforded protection from suit via sovereign immunity. Daugherty's claims are facially deficient and due to be dismissed with prejudice at the earliest possible opportunity because sovereign immunity deprives the Court of subject matter jurisdiction. Accordingly, USAMC's Motion to Dismiss is due to be granted.

**B.    The Court lacks subject matter jurisdiction**

The Court must dismiss USAMC from this suit because USAMC's immunity deprives the Court of the jurisdiction necessary to adjudicate the claim against USAMC. The "constitutionally guaranteed principle of sovereign immunity, acting as a jurisdictional bar, precludes a court from exercising subject-matter jurisdiction. Without jurisdiction, a court has no power to act and must dismiss the action." Alabama State Docks Terminal Ry. V. Lyles, 797 So. 2d 432, 435 (Ala. 2001). "[A] court must dismiss a case without ever reaching the merits if it concludes it has no jurisdiction." Swan v. Sec'y, Georgia, 668 F.3d 1285, 1289 (11th Cir. 2012).

Plaintiff's Amended Complaint fails to invoke the subject matter jurisdiction of the Court, compelling dismissal pursuant to Rule 12(b)(1).

    **C.    Count Six, alleging negligent spoliation, is deficiently pled.**

In her Amended Complaint, adding Count Six and alleging negligent spoliation, Daugherty cites Smith v. Atkinson, 771 So. 2d 429, 432 (Ala. 2000), for the correct proposition that "Alabama recognizes a claim for third party spoliation of evidence under the traditional doctrine of negligence..." (Doc. 74, p. 24 ¶ 70). In recognizing such a claim, the Smith Court stated:

> As in all negligence actions, the plaintiff in a third-party spoliation case must show a duty to a foreseeable plaintiff, a breach of that duty, proximate causation, and damage. [There is] a three-part test for determining when a third party can be held liable for negligent spoliation of evidence. In addition to proving a duty, a breach, proximate cause, and damage, the plaintiff in a third-party spoliation case must also show: (1) that the defendant spoliator had actual knowledge of pending or potential litigation; (2) that a duty was imposed upon the defendant through a voluntary undertaking, an agreement, or a specific request; and (3) that the missing evidence was vital to the plaintiff's pending or potential action. Once all three of these elements are established, there arises a rebuttable presumption that but for the fact of the spoliation of evidence the plaintiff would have recovered in the pending or potential litigation; the defendant must overcome that rebuttable presumption or else be liable for damages.

Smith v. Atkinson, 771 So. 2d 429, 432-33 (Ala. 2000) (citations omitted). The Smith Court expanded part (2) of this test by holding, "The specific request to preserve must be accompanied by an offer to pay the cost or otherwise bear the burden of preserving. We do not think a tort duty to preserve should be created simply by someone specifically requesting a third party to preserve something." Smith, 771 So. 2d at 433 (citation omitted).

The Amended Complaint alleges Daugherty made a specific request for preservation in a letter to USAMC, but does not allege the request was "accompanied by an offer to pay the cost or otherwise bear the burden of preserving," as required by Smith. See, Id.  Because it is

7

inequitable and contrary to the principles underlying tort liability that "a tort duty to preserve should be created simply by someone specifically requesting a third party to preserve something," Daugherty did not create a duty to preserve when it requested USAMC preserve Moore's clothing without an offer to bear the burden or cost of that duty.  See, Id. Having failed to plead otherwise, Daugherty has not stated a claim for relief.

Pursuant to Rule 12(b)(6), Daugherty's claims are facially deficient and due to be dismissed for failure to state a spoliation claim as required by Smith.

### D. Timing of the Court's Ruling on Immunity

Immunity is a threshold issue, and "a ruling… should be made early in the proceedings so that the costs and expenses of trial are avoided where the defense is dispositive." Ryan v. Hayes, 831 So. 2d 21, 31 (Ala. 2002) (quoting Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) overruled on other grounds by Pearson v. Callahan, 129 S. Ct. 808, 818 (2009)); Hunter v. Bryant, 502 U.S. 224, 227 (2001) (stressing "the importance of resolving immunity questions at the earliest possible state in litigation."); Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) ("Until this threshold immunity question is resolved, discovery should not be allowed.").

USAMC is protected from suit, not merely liability, by its sovereign immunity. Accordingly, USAMC is due protection from the costs and expenses of suit, which includes the costs and expenses of Rule 26 obligations and discovery, which should not be undertaken until the Court rules on USAMC's Motion to Dismiss. Id. See also Blinco v. Greentree Servicing, LLC, 366 F.3d 1249, 1252 (11th Cir. 2004) (sovereign immunity protects government actors from "the burdens attendant to litigation, including pretrial discovery."), Howe v. City of Enterprise, 861 F.3d 1300, 1302 (11th Cir. 2017) (reversing a ruling that required "the parties to develop their Rule 26(f) report before the court ruled on the immunity defenses…").

## V.   CONCLUSION

Rules 12(b)(1) and 12(b)(6) compel dismissal of the Amended Complaint at the earliest possible stage of this litigation because it fails to state a claim against USAMC upon which relief may be granted. Daugherty's claim fails because USAMC is immune from suit, the Court lacks subject matter jurisdiction, and Plaintiff's claim is deficiently pled.

WHEREFORE, the premises considered, Defendant University of South Alabama Medical Center respectfully requests this Honorable Court enter an Order dismissing Plaintiff Shunta Daugherty's Amended Complaint against it in its entirety, with prejudice.

>                                     */s/ Dorothy A. Barker*
>                                     MICHAEL E. UPCHURCH (UPCHM2707)
>                                     W. AUSTIN MULHERIN (MULHW2267)
>                                     DOROTHY A. BARKER (PERRYD2599)
>                                     Attorneys for Defendant University of South
>                                     Alabama Medical Center

**OF COUNSEL**:
Frazer, Greene, Upchurch & Baker, LLC
Post Office Box 1686
Mobile, Alabama 36633
(251) 431-6020 (Telephone)
(251) 431-6030 (Facsimile)
meu@frazergreene.com
wam@frazergreene.com
dab@frazergreene.com

**CERTIFICATE OF SERVICE**

I hereby certify that on August 3, 2018 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Eric Tavaris Hutchins, Esquire
Law Office of Eric Tavaris Hutchins, LLC
P.O. Box 1360
Alex City, AL 35011-1360
zayikk@gmail.com

Julie J. Oinonen, Esquire
Williams Oinonen LLC
44 Broad Street, NW, Suite 200
Atlanta, GA 30303
Julie@goodgeorgialawyer.com

Mario Williams, Esquire
Dallas S. LePierre, Esquire
Nexus Derechos Humanos Attorneys, Inc.
44 Broad Street, NW, Suite 200
Atlanta, GA 30303
dlepierre@ndhlawyers.com
mwilliams@ndhlawyers.com

Jessica N. Sherman-Stoltz, Esquire
Nexus Caridades Attorneys, Inc.
113 Mill Place Pkwy., Suite 105A
Verona, VA 24482
jstoltz@nexuscaridades.com

Thomas O. Gaillard, III, Esquire
Patrick C. Finnegan, Esquire
Helmsing, Leach, Herlong, Newman
   & Rouse, P.C.
P.O. Box 2797
Mobile, AL 36652
tog@helmsinglaw.com
pcf@helmsinglaw.com

*/s/ Dorothy A. Barker*
COUNSEL