IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

SHUNTA DAUGHERTY, individually, :
and as the administrator of the estate :
of Michael Dashawn Moore, :
                                                              :
    Plaintiff, :

vs. : Civil Action No. 1:17-cv-00072-CG-C

HAROLD HURST, *et al.*, :

    Defendants. :

## **ORDER**

The Court has referred Defendant University of South Alabama Medical Center's ("USAMC") Consolidated Motion to Stay Proceedings and Brief in Support ("motion to stay"), (Doc. 91), to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(b)(1); Rule 72, Federal Rules of Civil Procedure (hereinafter "FRCP" followed by the Rule number); and S.D. Ala. GenLR 72(a). Defendant USAMC motions the Court to stay the proceedings in this matter until the Court rules on Defendant USAMC's pending Motion to Dismiss, (Doc. 89), in which it asserts sovereign immunity pursuant to the Eleventh Amendment and section 14 of the Constitution of Alabama.

On July 23, 2018, the Court ordered the parties to file a report, pursuant to Rule 26(f), Federal Rules of Civil Procedure (hereinafter, "FRCP" followed by the Rule number), by August 17, 2018. (Doc. 83). Defendant

USAMC filed its Motion to Dismiss, (Doc. 89), and instant motion to stay, (Doc. 91), on August 3, 2018. The Eleventh Circuit Court of Appeals ruled in *Howe v. City of Enterprise*, 861 F.3d 1300 (11th Cir. 2017) (per curiam), that requiring parties to an action to confer and submit an FRCP 26(f) report before a district court has ruled on a defense of immunity is inconsistent with the Eleventh Circuit's decision in *Bouchard Transportation Co. v. Florida Department of Environmental Protection*,[1] 91 F.3d 1445 (11th Cir. 1996) (per curiam), "and other decisions which establish that immunity is a right not to be subjected to litigation beyond the point at which immunity is asserted. *Howe*, 861 F.3d at 1302.

---

1  The nature and purposes of Eleventh Amendment immunity suggest that it is a threshold issue. While the Supreme Court has held that the Eleventh Amendment is not jurisdictional in the sense that courts must address the issue *sua sponte*, *Patsy v. Board of Regents*, 457 U.S. 496, 515 n.19, 102 S. Ct. 2557, 2567-68 n.19, 73 L. Ed. 2d 172 (1982), the Court has held that Eleventh Amendment immunity is in the nature of a jurisdictional bar. *Edelman v. Jordan*, 415 U.S. 651, 677-78, 94 S. Ct. 1347, 1362-63, 39 L. Ed. 2d 662 (1974) (holding that Eleventh Amendment immunity may be raised for the first time on appeal). The fact that Eleventh Amendment immunity, like qualified immunity, is a right to be free from the burdens of litigation also suggests that it should be decided at an early stage. *See Puerto Rico[ Aqueduct & SewerAuth. V. Metcalf & Eddy, Inc.]*, 506 U.S. [139,] 143-44, 113 S. Ct. [684,] 687[, 121 L. Ed. 2d 605 (1993)] (citing *Mitchell[ v.Forsyth]*, 472 U.S. [511,] 526, 105 S. Ct. [2806,] 2815[, 86 L. Ed. 2d 411 (1985)]). Finally, the Eleventh Amendment is a recognition that the states retain certain attributes of sovereignty, and one of its purposes is to protect states from the indignity of being haled into federal court by private litigants. *Puerto Rico*, 506 U.S. at 146, 113 S. Ct. at 689. This purpose is not served when a ruling on Eleventh Amendment immunity is unnecessarily postponed.

Bouchard Transp. Co., 91 F.3d at 1448-49.

Accordingly, Defendant USAMC's motion to stay, (Doc. 91), is hereby **GRANTED** and this matter is **STAYED**. The parties are **ORDERED** to file their FRCP 26(f) report within **twenty-one days (21)** of the Court's final ruling on Defendant USAMC's motion to dismiss, (Doc. 89). Consequently, Defendant City of Mobile, Alabama's Unopposed Motion for Extension of Time, (Doc. 92), in which it motions the Court to extend the time to file its FRCP 26(f) Report, is **MOOT**.

**DONE** and **ORDERED** this the 14th day of August 2018.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**