IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SHUNTA DAUGHERTY, individually, and as the administrator of the estate of Michael Dashawn Moore, | : : : |
| Plaintiff, | : |
| vs. | : Civil Action No. 1:17-cv-00072-TM-C |
| HAROLD HURST, | : |
| Defendant. | : |

## REPORT AND RECOMMENDATION

This matter is before the Magistrate Judge for issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. Gen. L.R. 72(a)(2)(S), on Defendant University of South Alabama Medical Center's ("USAMC") Motion to Dismiss, (Doc. 89), which was filed on August 3, 2018. Upon consideration of the parties' pleadings, (Docs. 89 & 99), it is recommended Defendant's Motion to Dismiss, (Doc. 89), be **GRANTED**.

## PROCEDURAL HISTORY

Defendant USAMC filed its Motion to Dismiss, (Doc. 89), and brief in support, (Doc. 90), on August 3, 2018. On August 16, 2018, the Court entered a submission order, (Doc. 95), and Plaintiff Shunta Daugherty filed her Response in Consent to Defendant University of South Alabama Medical Center's Motion to Dismiss ("response"), (Doc. 99), on August 29, 2018.

## ANALYSIS

In Plaintiff's response, she states she does not object to Defendant USAMC's Motion to Dismiss and intends to amend her Complaint to name individual officers of USAMC. (Doc. 99, at 1). In Defendant USAMC's Motion to Dismiss, it motions the Court to dismiss with prejudice Plaintiff's claims against it because it is immune from suit and the pleadings are deficient, (Doc. 90). Accordingly, Defendant USAMC's Motion to Dismiss should be granted for those reasons stated in its Motion to Dismiss, and Plaintiff's claims against Defendant USAMC should be dismissed with prejudice.

## CONCLUSION

The undersigned recommends Defendant USAMC's Motion to Dismiss, (Doc. 89), should be **GRANTED** and Plaintiff's claims against Defendant USAMC should be **DISMISSED WITH PREJUDICE**.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. ALA. L.R. 72.4. The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions

of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

      **DONE** and **ORDERED** this the 12th day of September 2018.

      <u>  s/WILLIAM E. CASSADY          </u>
      **UNITED STATES MAGISTRATE JUDGE**