Exhibit 4

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION

| | |
|---|---|
| **SHUNTA DAUGHERTY**, individually, ) <br> and as the administrator of the estate of ) <br> **MICHAEL DASHAWN MOORE**, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **HAROLD HURST**, in his individual ) <br> capacity, and **CITY OF MOBILE**, ) <br> ) <br> Defendants. ) | Case No.: <br> 1:17-cv-00072-TM-C |

### PLAINTIFF'S MOTION FOR ADDITIONAL DEPOSITIONS

Comes now the Plaintiff, Shunta Daugherty, by and through the undersigned counsel, and respectfully files this Motion for Additional Depositions. In support thereof, the Plaintiff would state the following:

### Procedural History

On February 9, 2017, Plaintiff filed the Complaint that initiated this action. (ECF 1.) A Scheduling Order (ECF 17) was entered on June 2, 2017 with an initial deadline to amend pleadings set for September 15, 2017. This Scheduling Order limited each party to fifteen depositions. (ECF 17, paragraph 9. Section b.). Plaintiff's written discovery began immediately on June 16, 2017. Plaintiff continued their discovery efforts by sending their first eight subpoenas in this case on June 20, 2017. Plaintiff's Initial

1

Disclosures were sent to Defendant on June 21, 2017; Defendant's Initial Disclosures were sent to Plaintiff on September 9, 2017.

Thereafter, this case was stayed on July 18, 2017, pending criminal investigation of the Defendant. (ECF 36.) This stay was lifted on September 11, 2017. (ECF 38.) A new deadline to amend pleadings was set for December 31, 2017 by Court Order. (ECF 43.)

On June 12, 2018, Plaintiff filed for a Motion to Amend their Complaint (ECF 70) based upon new information that came to light through discovery responses. This Court granted this Motion on June 13, 2018 (ECF 71). Plaintiff filed their Amended Complaint (ECF 74) on June 21, 2018. On October 29, 2018, this Court issued a Superseding Scheduling Order (ECF 104) in which the discovery limits of fifteen depositions per party where given in section 9 (b).

Plaintiff continued to diligently pursue discovery and filed a Motion to Extend the Discovery Deadline on May 22, 2019 (ECF 118) to allow for the remaining 23 depositions in this matter. This Court's Order (ECF 122) was issued on May 29, 2019 extending the discovery deadline until August 30, 2019. Conflicting schedules among all counsel continued delaying the depositions scheduled in May 2019 for completion before the end of discovery with many changes until the last two months of discovery. Plaintiff has completed five depositions with the remaining deponents on the calendar with subpoenas and notices issued or ready to be issued in all cases.

**Plaintiff currently has agreement from all counsel to schedule depositions on every weekday except three through the rest of July and all of August up to our**

2

**discovery deadline of August 30, 2019. No other deadlines will be affected by this request**.

## Memorandum of Law and Citation to Authority

This case presents a police shooting to which multiple witnesses bear relevant information, at which a gun was allegedly found some time later at a hospital rather than the scene. A complex homicide investigation ensued which includes the names of dozens of officers responding to the incident, conducting the investigation, and dozens of witnesses to the incident. As this case is so complex, Plaintiff requires additional depositions to gain a complete picture of the events leading to the death of Mr. Moore.

## <u>Argument</u>

The governing law in this case starts with Rule 16 of the Federal Rules of Civil Procedure because this Court's order (ECF 104) limits depositions to fifteen unless good cause is shown to hold more. Notably Rule 30 of the Federal Rules of Civil Procedure does contemplate permitting more than ten deposition when, inter alia, the parties have stipulated to more than that number. Specifically, Rule 30(a)(2) provides that a party must obtain leave of court to take more than ten depositions if the parties do not stipulate to the deposition[1]. Fed. R. Civ. P. 30(a)(2). "[T]he court must grant leave to the extent consistent with Rule 26(b)(2)." Fed. R. Civ. P. 30(a)(2). Rule 26(b)(2)(C) states:

> "On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had

---

[1] This Court's Order limiting the parties to 15 depositions does not contain the language permitting stipulation of the parties to additional depositions. (ECF 104.) As such, this Motion is filed with the Court despite the agreement of the parties to certain depositions.

3

> ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."

Relevantly, a party seeking to exceed the ten-deposition limit must make a particularized showing of why the additional depositions are necessary. See Baker County Med. Svcs., Inc. v. Summit Smith, LLC, No. 3:05-cv-541-J-33HTS, 2007 WL 114000, at *1 (M.D. Fla. Jan. 10, 2007) (citing Bituminous Fire and Marine Ins. Corp. v. Dawson Land Dev. Co., No. 3:02-CV-793-J-21TEM, 2003 WL 22012201, at *1 (M.D. Fla. Feb. 13, 2003)).

Here, good cause is shown due to (1) the diligence and efforts of Plaintiffs to solidify the record before this Court with deposition testimony, expert reports, and extensive documentary discovery that exceeds over 9950 documents exchanged; and (2) the sheer number of relevant witnesses to this case. Plaintiff request that this Motion be granted.

### a. The Depositions of the Eyewitnesses is Appropriate

Based upon the information received through discovery, Plaintiff has identified additional eyewitnesses who need to be deposed in order to gain a complete account of the events that brought this action. These eyewitnesses include Robert Blackmon, Mark Amos, Julianne Golston, Jesse Ambrose, Rebecca Ambrose, Lenese Johnson, Willie Westbrook, Jacek Polski, and Ronald Walker. (See Ex. 1 for declarations that were obtained years ago near the time of the shooting.) These witnesses saw the events leading up to and including the shooting of Michael Moore. Deposing all eyewitnesses

to the shooting is necessary to gain a full understanding of the events surrounding Michael Moore's death.

Looking at the factors in Rule 26, the issues in this case are of the highest importance; a man has died. Eyewitnesses accounts of the events surrounding Michael Moore's shooting provide critical information, which more than outweighs the burden and costs of the depositions. Baker County Med. Svcs., 2007 WL 114000, at *1. A serious issue in dispute is the *alleged* presence of a gun on Michael Moore's person as well as whether he provided any provocation of Defendant Hurst prior being shot. Eyewitnesses provide the only insight into what happened on June 13, 2016, outside of the Defendant's own self-serving statements regarding Mr. Moore's death. As such, Plaintiff respectfully requests that this Court enter an Order permitting Plaintiff to take the additional depositions of the eyewitnesses to the shooting death of Michael Moore.

### b. Deposition of the witnesses to the supposed discovery of the gun is appropriate

An additional critical issue in this case surrounds the discovery of the gun not at the scene but at the hospital. Despite the fact that multiple people handled Mr. Moore's body while he was handcuffed at the scene; Moore's body was viewed by multiple police officers at the scene; a supervising MPD officer has testified that Officer Hurst told him—at the scene—that he (Defendant Hurst) searched Moore's body for a gun and did not find one (See Dep. Pierce at 143: 15-19); and an EMT searched Moore's body per policy prior to transporting Moore to the hospital and did not find a gun (See Dep. Lavender at 97: 2-23),—a gun somehow showed up at the hospital where Moore was taken, and this gun, per testing by Defendant and Plaintiffs' expert, does not have Mr.

5

Moore fingerprints on it or his fingerprints on the bullets found within the gun. (**Compare** Ex. 2, **with** Expert Report of gun analysis). was found and Defendants claim that this gun was on Mr. Moore's person at the scene where he was shot, despite all the evidence to the contrary. (ECF 74, ¶¶ 8.) Witnesses to the events relating to the medical treatment of Moore and a gun showing up at the subject hospital are vital to resolving this critical issue.

Witnesses from the hospital where the gun was found include:  Marcus King, Nicole Jackson, Orlando Walker, Pamela McDonald, Sandra Anderson, Calvin Fincher, Jacquitta Clemmons, Dr. Terry Rivers, Lakenda Miller, Terry George, Sr., Terry George, Jr., Henri Rathle, Annita Daily, Elige Jones, AG and Mother (names redacted in discovery responses). Dr. John Krolikowski, Pathologist, and Alabama Department of Forensic Science performed the autopsy on Michael Moore and possess additional critical information.

   c. **Media statements saying the gun was found in the glove compartment and then on the scene**

In addition to these witnesses, statements were made by the media that are relevant. Specifically, one main media source initially reported "Moore was pulled over on a traffic stop, was uncooperative, and was shot when he reached for a pistol that was found in the car." (See Ex. 3).This media outlet and the Alabama Department of Forensic Science possess critical information sought by the Plaintiff as well; consequently, Plaintiff would like to hold a corporate deposition (30(b)(6)) of these entities. Again, based on the critical nature of this issue, and the seriousness of the case

at hand, these witnesses' depositions provide benefits that outweigh any burden in holding them.

### d. The deposition of the Defendant's expert should be permitted as he provides critical evidence that cannot be explored in any other manner

Plaintiff needs to depose the Defendant's expert, Kelvin King. The Defendant's expert provided a report covering both the circumstances surrounding the shooting death of Michael Moore and the belated discovery of the alleged gun after Moore was killed.  Ex. 4, Report of Kelvin King. For the reasons stated above, these are critical issues to the case. Additionally, the expert provides a unique set of evidence that needs to be explored as there are competing experts in this case on the issues of the use of deadly force on Michael Moore. Additionally, Plaintiff will be absorbing the costs of the deposition of the Defendant's expert. As such, given the critical nature of this witnesses, and the relativly light burden of the deposition, the benefits of the deposition outweigh any burden.

### e. The deposition of the individuals providing information about the allegedly stolen car as well as Mr. Moore's supposed previous possession of a firearm is critical to the understanding of Mr. Moore's shooting

There is an allegation that the vehicle Michael Moore was driving on the day of the incident was stolen. Additionally, there is an issue as to whether Mr. Moore previously possessed a firearm. Witnesses relating to these issues include, Gloria and Percy Butler, Malcome Paul Byrd, who possess information related to the allegedly stolen vehicle. Additionally, Terry and Joy Lathan, Tiara Page, Kourtney Hardy, Leon Freeman, Sean Grizzle, Charles Biggs, Lecedric Brown, Orie Hamilton, Brandon Parden, and Bobby Carr relate to the stolen gun allegedly found on Michael Moore as well as his

7

previous possession of a firearm. Again, the seriousness of the case at hand, these witnesses' depositions provide benefits that outweigh any burden in holding them, especially since the defense may call them at trial.

## Conclusion

In light of the diligent discovery pursued by the Plaintiff and the number of individuals to be deposed in order to gain a complete understanding of the events leading to this complaint, Plaintiff moves for an additional **45** depositions and for this Court to allow the newly identified deponents to be deposed. Plaintiff currently has agreement from all counsel to schedule depositions on every weekday except three through the rest of July and all of August up to the current discovery deadline of August 30, 2019.

WHEREFORE, Plaintiff respectfully requests this Court enter an Order Granting this Motion, permitting Plaintiff **45** additional depositions.

Respectfully submitted on this ____ day of ____ 2019.

/s/Dallas S. LePierre
Dallas S. LePierre
Florida No. 101126

/s/Mario B. Williams
Mario B. Williams
Ga Bar 235254

**NDH LLC**
44 Broad Street, NW, Suite 200
Atlanta, Georgia 30303
(404) 254-0442/ (404) 935-9391 FAX
dlepierre@ndh-law.com
mwilliams@ndh-law.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served a true and correct copy of the foregoing Motion for Additional Depositions with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all counsel of record.

Respectfully submitted this ____ day of ____ 2019.

/s/Dallas S. LePierre
Dallas S. LePierre
Florida No. 101126

/s/Mario B. Williams
Mario B. Williams
Ga Bar 235254

**NDH LLC**
44 Broad Street, NW, Suite 200
Atlanta, Georgia 30303
(404) 254-0442/ (404) 935-9391 FAX
dlepierre@ndh-law.com
mwilliams@ndh-law.com