# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# MOBILE DIVISION

| | |
|---|---|
| **SHUNTA DAUGHERTY**, individually, and as the administrator of the estate of **MICHAEL DASHAWN MOORE**, ) ) ) ) | |
| Plaintiff, ) ) | Civil Action No.: 1:17-cv-00072-CG-C |
| v. ) ) | |
| **HAROLD HURST**, in his individual capacity, **CITY OF MOBILE**, and **UNIVERSITY OF SOUTH ALABAMA MEDICAL CENTER**, ) ) ) ) ) | |
| ) | JURY DEMANDED |
| Defendants. ) | |

## PLAINTIFF'S MOTION TO STRIKE AFFIDAVIT OF JAMES BARBER

COMES NOW Plaintiff, Shunta Daugherty, by and through undersigned counsel, and hereby moves this Court for an Order Striking the Affidavit of James Barber in support of Defendant Hurst's Motion for Summary Judgment in part. (ECF 159-1.)  In support of this Motion, Plaintiff shows as follows:

### PROCEDURAL HISTORY

On October 4, 2019, Defendant Hurst filed his Motion for Summary Judgment in this action. (ECF 158.) Defendant Hurst simultaneously filed a Brief in Support of that Motion for Summary Judgment. (ECF 159.) Pursuant to Civ. L.R. 56(a), that Brief contained as exhibit 11 the Affidavit of James Barber. (ECF 159-11.)  On October 4, 2019, Defendant City of Mobile filed a Motion for Summary Judgment. (ECF 160.) Defendant

City of Mobile's Motion for Summary Judgment incorporates the Motion for Summary Judgment of Defendant Hurst, including the Affidavit of James Barber. Id.

James Barber was never disclosed as an expert witness in this case. Further, James Barber was not present at the time of the shooting incident and has no personal knowledge thereof. Ex. 1, Blackmon Dep. 56:4-12 (stating first officer to arrive was a "lady cop," after the shots were fired); Ex. 2, Hurst Aff. ¶ 13 (noting no backup had arrived).

## ARGUMENT

a. **Legal Standard**

As a threshold matter, any summary judgment affidavit "used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Under Rule 26(a)(2), all experts must be disclosed, with testifying experts required to provide a written report. Fed. R. Civ. P. 26(a)(2).

b. **The Affidavit of James Barber must be struck as it is not based on personal knowledge, and the affiant is not competent to testify to the matters stated**

The submitted Summary Judgment Affidavit of James Barber is split into two parts; Part 1 addresses the Mobile Police Department's Training of officers while Part 2 addresses the Shooting incident subject to this suit. It is the second part that is subject to strike. Mr. Barber states that he is "familiar with former MPD Officer Harry Hurst and the June 13, 2016 shooting incident." Ex. 3, Barber Aff. ¶ 9. At no point does Mr. Barber

testify that he was present or witnessed the events of the shooting incident. Id. Indeed, this is no doubt because Mr. Barber was not present at the time of the incident. Ex. 1, Blackmon Dep. 56:4-12 (stating first officer to arrive was a "lady cop," after the shots were fired); Ex. 2, Hurst Aff. ¶ 13 (noting no backup had arrived). The Affiant then states that an investigation of the incident occurred and found that Hurst complied with all relevant policies and orders. Ex. 3 at ¶ 9. Again, Mr. Barber has no personal knowledge of the investigation as he was not on the board nor assigned the personnel that were. Ex. 4, Barber Dep. 46:2-20. Additionally, the investigation of the shooting review board specifically excluded review of Defendant Hurst's use of deadly force. Id. at 47:21-48:7.

     Based on these facts, paragraphs 9 through 16 of the Affiant's Affidavit were not based on James Barber's personal knowledge, as required by the Rules. Ex. 3, ¶¶ 9-16; Fed. R. Civ. P. 56. Additionally, Mr. Barber has not been disclosed as an expert nor has any report been provided, making the Affiant incompetent to testify in the form of opinion on facts based on information relayed to him. Further, there has been no identification of the means or methods by which the evidence underlying the Affiant's opinions, which he could not testify to in either case, would be admissible. Foster v. Bridgestone Americas Tire Operations, LLC, No. CIV.A. 11-0175-WS-N, 2013 WL 1363962, at *3 (S.D. Ala. Apr. 3, 2013) (holding speculative affidavits without admissible factual support must be stricken). As such, the Affidavit in Support of Summary Judgment of James Barber is due to be stricken in part as to paragraphs 9-16.

4 | P a g e

## CONCLUSION

Based upon the foregoing, the Affidavit of James Barber is not based on personal knowledge and contains opinions on which the Affiant is not competent to testify. Fed. R. Civ. P. 56(c)(4). As such, the Affidavit is due to be struck in part as to paragraphs 9-16.

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order Granting this Motion, Striking the Affidavit of James Barber (ECF 159-11) in part as to paragraphs 9-16, and granting such other and further relief as is just and proper.

Respectfully submitted this 20th day of November 2019,

/s/ DALLAS S. LEPIERRE
Dallas S. LePierre
FL. Bar No. 101126

/s/ MARIO WILLIAMS
Mario B. Williams
Ga # 235254

**NDH LLC**
44 Broad Street, NW, Suite 200
Atlanta, Georgia 30303
(404) 254-0442/ (404) 935-9391 FAX
dlepierre@ndh-law.com
mwilliams@ndh-law.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the foregoing **PLAINTIFF'S MOTION TO STRIKE AFFIDAVIT OF JAMES BARBER** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all counsel of record.

Respectfully submitted this 20th day of November 2019,

/s/ DALLAS S. LEPIERRE
Dallas S. LePierre
FL. Bar No. 101126

/s/ MARIO WILLIAMS
Mario B. Williams
Ga # 235254


**NDH LLC**
44 Broad Street, NW, Suite 200
Atlanta, Georgia 30303
(404) 254-0442/ (404) 935-9391 FAX
dlepierre@ndh-law.com
mwilliams@ndh-law.com
*Counsel for Plaintiff*