## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| SHUNTA DAUGHERTY, individually, and as the administrator of the estate of Michael Dashawn Moore, | : : : : | |
| Plaintiff, | : : | |
| vs. | : : | CA 17-00072-TFM-C |
| HAROLD HURST, in his individual Capacity; and CITY OF MOBILE, | : : : | |
| Defendants. | : : | |

## ORDER SETTING SETTLEMENT CONFERENCE

This action has been referred to the undersigned Magistrate Judge for the purpose of holding a settlement conference, which is hereby scheduled for **February 27, 2020** at **9:00 a.m.**, in Courtroom 3A, United States Courthouse, Mobile, Alabama. **All parties** and their lead counsel are **ORDERED TO APPEAR** for this settlement conference.

**SETTLEMENT CONFERENCE PREPARATION**

The vast majority of all civil suits filed in this Court are settled or otherwise resolved prior to trial. Therefore, settlement preparation should be treated as seriously as trial preparation. Planning is essential because the party who is best prepared obtains the best result. The Court has found that the following steps are essential to a successful settlement conference.

**A.  FORMAT**

   **1.  PRESETTLEMENT CONFERENCE DEMAND AND OFFER.** A settlement

conference is more likely to be productive if, before the conference, the parties have had a written exchange of their settlement proposals. Accordingly, no later than 5:00 p.m. on **February 14, 2020**, counsel for plaintiff shall submit a written itemization of damages and settlement demand to defense counsel with a brief explanation of why such a settlement is appropriate. No later than 5:00 p.m. on **February 21, 2020**, defense counsel shall submit a written offer to plaintiff's counsel with a brief explanation of why such a settlement is appropriate. On occasion, this process will lead directly to a settlement. If settlement is not achieved, plaintiff's counsel shall e-mail (william_cassady@alsd.uscourts.gov) copies of these letters to Judge Cassady no later than **9:00 a.m. on February 25, 2020**.[1] Do not file copies of these confidential letters in the Clerk's Office.

    **2. ATTENDANCE OF PARTIES REQUIRED.** Parties with ultimate settlement authority *must* be personally present and *must* participate in good faith at the conference. An insured party shall appear by a representative of the insurer who is authorized to negotiate and settle all claims. An uninsured corporate party shall appear by a representative authorized to negotiate and settle all claims. Having a client with authority available by telephone is not an acceptable alternative, except under the most extenuating circumstances. Because the Court generally sets aside at least three to five hours for each conference, it is impossible for a party who is not present to appreciate the process and the reasons that may justify a change in one's perspective towards

---

[1] The documents sent to the undersigned on February 25, 2025 are very important and should include the core reasons why the settlement terms suggested by the other party or parties are not reasonable, that is, what about the other side's offer is a deal-breaker.

settlement.

    **3.   MEDIATION FORMAT.**  The Court will generally use a mediation format: opening presentations by each side followed by a joint discussion and private caucusing by the Court with each side. The Court expects both the lawyers and the party representatives to be fully prepared to participate. The Court encourages all parties to keep an open mind in order to re-assess their previous positions and to find creative means for resolving the dispute.

    **4.   STATEMENTS INADMISSIBLE.**  Statements made by any party during the settlement conference will not be admissible at trial. Parties are encouraged to be frank and open in their discussions. The Court expects the parties to address each other with courtesy and respect.

**B.   ISSUES TO BE DISCUSSED AT SETTLEMENT CONFERENCE.**

    Parties should be prepared to discuss the following at the settlement conference:

    1.   What are your objectives in the litigation?

    2.   What issues (in and outside of this lawsuit) need to be resolved?  What are the strengths and weaknesses of your case?

    3.   Do you understand the opposing side's view of the case? What is wrong with their perception? What is right with their perception?

    4.   What are the points of agreement and disagreement between the parties?

    5.   What are the impediments to settlement?

    6.   What remedies are available through litigation or otherwise?

    7.   Are there possibilities for a creative resolution of the dispute?

8. Do you have adequate information to discuss settlement? If not, how will you obtain sufficient information to make a meaningful settlement discussion possible?

9. Are there outstanding liens? Do we need to include a representative of the lienholder?

**C.     INVOLVEMENT OF CLIENTS.**

For many clients, this will be the first time they have participated in a court supervised settlement conference. Therefore, counsel shall provide a copy of this Order to the client and shall discuss the points contained herein with the client prior to the settlement conference.

**DONE** and **ORDERED** this the 11th day of February, 2020.

                       s/William E. Cassady
                       **UNITED STATES MAGISTRATE JUDGE**