# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| SHUNTA DAUGHERTY, individually, and as the administrator of the estate of MICHAEL DASHAWN MOORE,<br><br>Plaintiff,<br><br>v.<br><br>HAROLD HURST, in his individual capacity; and CITY OF MOBILE,<br><br>Defendants. | CASE NO. 1:17-cv-00072-TFM-C |

## DEFENDANT HURST'S MOTION FOR IMMEDIATE STAY OF PROCEEDINGS PENDING A RULING ON HIS QUALIFIED IMMUNITY OR IN THE ALTERNATIVE TO CONTINUE PRETRIAL DEADLINES AND TRIAL SETTING

COMES NOW the Defendant Harry Hurst and moves this Court for **an immediate stay** of these proceedings, pending a ruling on his qualified immunity, as raised in his motion for summary judgment, filed herein on October 4, 2019, or in the alternative for a continuance of the pretrial deadlines and trial setting currently established in this action. As and for grounds for said motion, Defendant Hurst would show this Honorable Court as follows:

1. On October 4, 2019, Defendant Harry Hurst, sued in his individual capacity as a police officer of the City of Mobile, filed a motion for summary judgment, asserting his qualified immunity from suit, as a matter of law, based

upon the undisputed facts in this case (Doc. 158).  A final reply brief was filed on December 9, 2019 (Doc. 174).  The motion remains pending.

    2.    On October 4, 2019, the Defendant City of Mobile also filed a motion for summary judgment that remains pending. (Doc. 160).

    3.    Discovery in this action was completed as of August 30, 2019, as per the Court's order of May 29, 2019 (Doc. 122).

    4.    The parties have previously filed two joint motions for extension of the pre-trial deadlines and trial settings, on January 15, 2020 and April 2, 2020, respectively (Doc. 192, 197).  These motions were filed to allow the Court time to consider the pending motions for summary judgment.  The parties represented that a decision on the pending motions for summary judgment would probably trigger an appeal by the non-prevailing party and that a ruling on the motions would focus the scope for any trial, should there be one. (Doc. 197, ¶¶5-7).

    5.    The Court granted each of these motions to continue (Doc. 193, 198).  The Court's current order has set the pre-trial conference for August 14, 2020 with jury selection on September 1, 2020, and the deadline for pretrial disclosures for July 24, 2020 (**this Friday**), and other dates set for compliance (which are discussed below) in the Court's Standing Order (Doc. 198).

    6.    The qualified immunity of public officials is "an entitlement not to stand trial or face the other burdens of litigation, conditioned on the resolution of the essentially legal question whether the conduct of which the Plaintiff complains violated clearly established law."  *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985).

"The entitlement is an *immunity from suit* rather than mere defense to liability; . . . ." *Id.* (emphasis in original). Thus, a district court's denial of a claim of qualified immunity is an appealable "final decision" within the meaning of 28 U.S.C. §1291, notwithstanding the absence of a final judgment. *Id.* at 530; *see Patel v. City of Madison, Alabama,* 959 F.3d 1330, 1337 (11th Cir. 2020).

7.  In several cases, the Eleventh Circuit has recognized the right of defendants to obtain a ruling on motions to dismiss, or for summary judgment, based on an assertion of immunity from suit, before having to further litigate the underlying merits of the lawsuit. In such cases, an immediate appeal has been allowed from orders that require further litigation while such motions remain pending, the court treating such orders as, "in effect, 'a denial of a claim of qualified immunity.'" *See Howe v. City of Enterprise*, 861 F.3d 1300, 1302 (11th Cir. 2017) (quoting *Mitchell,* 472 U.S. at 530).

8.  In *Collins v. School Bd. of Dade County., Fla.,* 981 F.2d 1203 (11th Cir. 1993), the Eleventh Circuit allowed an immediate appeal of a district court's order that reserved ruling on defendants' assertion of qualified immunity in their motion for summary judgment, "pending the trial in this action." *Id.* at 1204-1205. Such an order "effectively denies defendants the right not to stand trial" and is "not materially different from an outright denial of a summary judgment immediately appealable." *Id.* at 1205.

9.  In *Bouchard Transp. Co. v. Fla. Dep't of Envtl. Prot.*, 91 F.3d 1445 (11th Cir. 1996), the court allowed immediate appeal of a district court's order

requiring the parties to participate in mediation, while motions to dismiss based upon Eleventh Amendment immunity remained pending. Citing *Collins*, the court recognized its jurisdiction to review the order because "[l]ike a public official's qualified immunity, a state's Eleventh Amendment immunity is 'an entitlement not to stand trial or face the other burdens of litigation.'" *Id*. at 1448 (quoting *Mitchell,* 472 U.S. at 526). The court vacated the order, finding the mediation ordered by the court "not necessary" to resolve the Eleventh Amendment issue presented by the pending motions to dismiss, and "inconsistent with [the State's] right not to participate" in litigation. *Id*. at 1449.

10.     In *Howe*, 861 F.3d 1300, the defendants filed motions to dismiss the plaintiff's §1983 claims, asserting qualified immunity.  After the plaintiff, in response, conceded that certain of his claims were due to be dismissed, the district court entered an order denying, without prejudice, defendant's motion to dismiss, and instructing the plaintiff to file a second amended complaint clarifying which claims he had not conceded. *Id.* at 1301.  It also instructed the parties to "confer and develop a proposed discovery plan pursuant to [Federal Rule of Civil Procedure] 26(f)," *id.*, which required them, among other things, to "consider…the possibilities for promptly settling or resolving the case…." *Id*. at 1302 (quoting Fed. R. Civ. P. 26(f)(2)).  The order also set deadlines for the development and filing of a Rule 26(f) report. *Id.* at 1301.  The defendants appealed this order and the Eleventh Circuit held that it had jurisdiction to review it, citing to the *Bouchard Transportation* and *Collins* cases.  In both of these decisions, "we reasoned that by requiring the

4

defendants to further defend from liability while the immunity issue remained pending, the district court had effectively denied immunity, which provides 'an entitlement not to stand trial or face the other burdens of litigation.'" *Id.* at 1302. The court held that those parts of the order requiring the parties to confer and discuss settlement and to develop their Rule 26(f) report, before the district court had ruled on defendant's motion to dismiss on immunity grounds, were "inconsistent" with the court's decision in *Bouchard Transportation* "and other decisions which establish that immunity is a right not to be subject to litigation beyond the point at which immunity is asserted." *Id.* at 1302. The Eleventh Circuit vacated the order, except to the extent it denied without prejudice the motion to dismiss and directed the plaintiff to amend his complaint. It instructed the district court that, upon the defendants filing another motion to dismiss any amended complaint, based on qualified immunity, it "should decide those immunity issues before requiring that the parties litigate [plaintiff's] claims any further." *Id.* at 1303.

11. More recently, in *R.F.J. v. Fla. Dep't of Children & Families*, 743 F. App'x 377 (11th Cir. 2018), a district court deferred a ruling on the defendants' motions to dismiss, based on a qualified immunity defense, until after discovery was completed. Citing to *Howe*, the Eleventh Circuit concluded it had jurisdiction to review the order, *id.* at 379 n. 2, and vacated the ruling, holding that the district court's deferral of its decision, pending completion of discovery, violated the principles that qualified immunity is "a right to be free from litigation altogether

5

once the defense is established," *id.* at 380, and that immunity questions should be resolved "at the earliest possible stage in litigation." *Id.* (quoting *Hunter v. Bryant*, 502 U.S. 224, 227 (1991)).

12. In this present case, this Court has already recognized these principles. It previously granted the Defendant University of South Alabama Medical Center's ("USAMC") motion to stay the proceedings, pending a ruling on its motion to dismiss based on Eleventh Amendment immunity. (Doc. 93). Citing to *Howe*, the Court recognized that requiring parties to confer and submit an FRCP 26(f) report before a ruling on the immunity defense was "inconsistent" with *Bouchard Transportation* "and other decisions which establish that immunity is a right not to be subjected to litigation beyond the point at which immunity is asserted." The Court noted that "[t]he fact that Eleventh Amendment immunity, like qualified immunity, is a right to be free from the burdens of litigation also suggests that it should be decided at an early stage." (Doc 93 at n. 1). It ruled that the parties did not need to file their Rule 26(f) report until 21 days following the Court's final ruling on USAMC's motion to dismiss.

13. At this stage of the litigation, all discovery has been completed, and Officer Hurst's motion for summary judgment raising the qualified immunity defense has been fully briefed and submitted to the Court as of December 9, 2019. Now, with a Final Pretrial Conference set for August 14, jury selection on September 1, and trial to be scheduled sometime during September, and without resolution of that motion, defendant Hurst is faced with having to immediately

6

devote substantial time and resources to comply with the imminent dates in the Court's pretrial orders. Among other things, the following must be accomplished by the following pretrial deadlines:

(A) By July 24, identify and disclose all exhibits and witnesses, and designate all deposition testimony to be introduced at trial (Doc. 198, ¶8);

(B) By August 7, prepare and file a Joint Pretrial Document requiring a complete description of all triable claims and affirmative defenses, including a statement of agreed facts and disputed facts relating to each claim or defense, and submission of voir dire questions; and file all objections to any witnesses, deposition designations, and exhibits identified by other parties along with the Joint Pretrial Document (Doc 198-1, ¶'s 1, 4);

(C) By August 14, prepare and have in substantially final form all motions in limine and attend the Final Pretrial Conference on that date (Doc. 198-1, ¶4.F.);

(D) By August 25, prepare and submit a jointly prepared set of agreed jury instructions, as well as any separate jury charges to which the parties cannot agree (Doc. 198-1, ¶4.E.(3))

14. Needless to say, these imminent deadlines will require extensive time and resources for Hurst to get ready for a *trial that may never happen and certainly cannot happen* unless and until a ruling is entered on his motion for summary judgment and any appeal from such a ruling is resolved. The present orders requiring compliance with these imminent pretrial deadlines are inconsistent with

Hurst's asserted qualified immunity to be free from suit and from the burdens of litigation.

> "Qualified immunity is not a last exit before liability. Instead, qualified immunity is a right to be free from litigation altogether once the defense is established. Otherwise, parties could be required to expend significant time, money, and energy only to go 90 miles down the road of a dead-end drive."

*R.F.J.*, 743 Fed. Appx. at 380. If a defendant asserting qualified immunity in a motion is entitled to a ruling on that motion before being required to prepare and file a Rule 26(f) report, or before being required to mediate or discuss settlement, Defendant Hurst should certainly be entitled to relief from the Court's imminent pretrial deadlines and trial date while his motion for summary judgment is pending. At this stage, to require Hurst to get ready for trial by undertaking the extensive obligations of this Court's pretrial orders and the Federal Rules of Civil Procedure, without a ruling on his summary judgment motion, would be tantamount to reserving a ruling pending the trial.

WHEREFORE, the premises considered, Defendant Harry Hurst respectfully moves this Court for an immediate stay of these proceedings pending a ruling on his pending motion for summary judgment, or in the alternative for a further continuance of the pretrial deadlines and trial date in this action.

Respectfully submitted,

*/s/ Thomas O. Gaillard, III*
THOMAS O. GAILLARD III [GAILT9459]
PATRICK C. FINNEGAN [FINNP3533]
WILLIAM W. WATTS [WATTW5095]
*Attorneys for Defendant Harry Hurst*

8

**OF COUNSEL:**
HELMSING, LEACH, HERLONG,
   NEWMAN & ROUSE, PC
Post Office Box 2767
Mobile, AL  36652
(251) 432-5521 Telephone
(251) 432-0633 Facsimile
Email: tog@helmsinglaw.com
          pcf@helsminglaw.com
          www.helmsinglaw.com

## CERTIFICATE OF SERVICE

I do hereby certify that on this 20th day of July 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System which will send notification of such filing to the following:

Dallas S. Lepierre, Esquire
NDH LLC
The Historic Grant Building, Suite 200
44 Broad Street Northwest
Atlanta, GA 30303
(*dlepierre@ndh-law.com*)

Mario Williams, Esquire
NDH LLC
The Historic Grant Building, Suite 200
44 Broad Street Northwest
Atlanta, GA 30303
(*mwilliams@ndh-law.com*)


                                    */s/ Thomas O. Gaillard, III*
                                    OF COUNSEL